THREADGILL, EDWARD F„ Senior Judge.
Angela Weeks appeals her conviction and the order imposing three years’ probation for child neglect, a third-degree felony. Weeks raises three issues on appeal, but we address only one that requires reversal. The trial court erred in denying Weeks’ motion for judgment of acquittal because the State failed to present competent substantial evidence that Weeks’ acts or omissions regarding dental care for her child could reasonably be expected to result in serious injury to the child.
The State alleged that from January to March 2001 Weeks failed to provide adequate dental care for her seven-year-old son. The child had severe dental caries (cavities) in his “baby” teeth. Weeks was charged with neglect of a child “without causing great bodily harm, permanent disability, or permanent disfigurement” under section 827.03(3)(c), Florida Statutes (2000), a third-degree felony. Section 827.03(3)(a)(l) defines “neglect of a child” as follows:
A caregiver’s failure or omission to provide a child with the care, supervision, and services necessary to maintain the child’s physical and mental health, including, but not limited to, food, nutrition, clothing, shelter, supervision, medicine, and medical services that a prudent person would consider essential, for the well-being of the child;_
Section 827.03(3)(a)(2) provides that “[n]e~ gleet of a child may be based on repeated conduct or' on a single incident or omission that results in, or could reasonably be expected to result in, serious physical or mental injury, or a substantial risk of death, to a child.” On a charge of child neglect as a third-degree felony, “the legislature has required that the defendant’s acts or omissions create a ‘reasonably expected’ potential for the child to suffer, at a minimum, serious injury.” Arnold v. State, 755 So.2d 796, 797 (Fla. 2d DCA 2000).
Here, the State presented the testimony of Kay Stump, a pediatric nurse practitioner who also worked for the Child Protection Team. Stump was called in to do a medical exam of the child and saw him on March 14, 2001. The child was alert, cooperative, in no acute distress, and well nourished. He was able to bite down on the tongue blade during the exam. Although his gums were slightly reddened, there was no obvious swelling or infection. In the past the child had complained of toothaches to his teacher, but the child did not complain to Stump of any pain, and she did not prescribe any antibiotics. Stump testified that the child had severe dental caries of his baby teeth and needed dental care. A photograph of the child introduced into evidence showed that the child’s four upper front teeth were blackened and eroded. Stump testified that the potential effect on a child who has teeth in that state was self-esteem issues, weight loss, pain, abscesses, and permanent dam *956 age to adult teeth. Stump opined that the child had a “potential” risk of serious injury.
Stump never stated that the condition of the child’s teeth “could reasonably be expected” to result in serious injury, as section 827.03(3)(a) requires. A “potential” result seems to us to be less likely to occur than a result that “could reasonably be expected.” Stump admitted that in her report to the Department of Children and Families, she deferred her finding of any permanent damage to a licensed dentist and recommended that X-rays be done. She did not know the condition of the roots of the child’s teeth. No dentist testified in this case, and no one testified as to what “could reasonably be expected” from the lack of dental care in this case. Therefore, the State failed to prove a prima facie case of child neglect, and the trial court should have granted Weeks’ motion for judgment of acquittal on this ground. Accordingly, we reverse the judgment and order imposing probation for child neglect and remand for the trial court to enter a judgment of acquittal.
Reversed and remanded.
NORTHCUTT and DAVIS, JJ., concur.